IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

```
DEANNA MERIDETH COLEMAN,        *
                                *
     Plaintiff,                 *
                                *
     v.                         *     CV 119-119
                                *
CVS Rx SERVICES, INC.,          *
                                *
     Defendant.                 *
```

**O R D E R**

Before the Court is Defendant CVS Rx Services, Inc.'s ("CVS") Motion to Compel Arbitration and to Dismiss or, in the Alternative, Stay Proceedings. (Doc. 6.) The time to respond has elapsed and *pro se* Plaintiff Deanna Merideth Coleman has not responded to the motion. Defendant's motion is **GRANTED** for the following reasons.

## I.   Background

Plaintiff is a former CVS employee who asserts that she was terminated based on age and disability in violation of the Age Discrimination in Employment Act, 29 U.S.C. §§ 621-634 and the Americans with Disabilities Act 42 U.S.C. §§ 12112-12117. (Compl., Doc. 1, at 3-4.) Plaintiff exhausted her administrative remedies by filing a charge of discrimination with the Equal Employment Opportunity Commission, which issued a right-to-sue notice on May

15, 2019. (Compl., at 5; Doc. 1-1, at 1-2.) Defendant now moves to compel arbitration, arguing that all of Plaintiff's claims are covered by an Arbitration Agreement Plaintiff entered during her employment. (Doc. 6, at 1.)

## II. Discussion

Congress passed the Federal Arbitration Act ("FAA") "to overcome courts' refusal to enforce agreements to arbitrate." Allied-Bruce Terminex Cos. v. Dobson, 513 U.S. 265, 270 (1995). The FAA was passed to place arbitration agreements on equal footing with other contracts. See Paladino v. Avnet Comput. Techs., Inc., 134 F.3d 1054, 1057 (11th Cir. 1998). Section 2 of the FAA provides that arbitration agreements shall be "valid, irrevocable, and enforceable, save upon such grounds as exist in law or equity for the revocation of any contract." 9 U.S.C. § 2. With this general federal policy in favor of arbitration in mind, the first question that must be addressed is whether the FAA governs this arbitration agreement.

The FAA applies to arbitration agreements which "evidenc[e] a transaction involving commerce." 9 U.S.C. § 2. The Supreme Court has construed this language broadly, holding that Section 2's "involving commerce" language must be read to extend the Act's reach to the limits of Congress's Commerce Clause Power. Allied-

Bruce Terminex Cos., 513 U.S. at 268. Thus, the FAA applies to all arbitration agreements that involve interstate commerce in any way. Id. at 281.

The Eleventh Circuit has held that the FAA's broad interstate commerce requirement is satisfied in cases involving employment disputes where the employer's overall employment practices affect interstate commerce. Caley v. Gulfstream Aerospace Corp., 428 F.3d 1359, 1370 (11th Cir. 2005). Here, CVS employs workers across the country and its employment practices, in aggregate, affect interstate commerce. See id. (stating that Congress's commerce power extends to "individual cases without showing any specific effect upon interstate commerce if the aggregate economic activity in question would represent a general practice subject to federal control"). Therefore, the FAA applies to the instant arbitration agreement.

By enacting the FAA, "Congress declared a national policy favoring arbitration." Southland Corp. v. Keating, 465 U.S. 1, 10 (1984). The policy fostered by the FAA "does not require parties to arbitrate when they have not agreed to do so." Volt Info. Scis., Inc. v. Bd. of Trs. Leland Stanford Junior Univ., 489 U.S. 468, 478 (1989). Therefore, the Court must determine whether the parties agreed to arbitrate the dispute. See Mitsubishi Motors Corp v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614, 626 (1985). Under this direction, the Court must make certain that the

Arbitration Agreement covers the claim at hand and whether a valid agreement existed.

The FAA creates a presumption in favor of arbitrability. Paladino, 134 F.3d at 1057. The Eleventh Circuit has held that if parties intend to exclude categories of claims from their arbitration agreement, the parties must clearly express such intent. Id.; Brown ITT Consumer Fin. Corp., 211 F.3d 1217, 1222 (11th Cir. 2000). In other words, issues will be deemed arbitrable unless it is clear that the arbitration agreement does not include them. First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 945 (1995).

In this case, the parties have expressed no intent to exclude Plaintiff's claims from arbitration. The Arbitration Agreement provides that "Covered Claims are any and all legal claims . . . that an Employee may have, now or in the future, against CVS . . . arising out of or related to the Employee's employment with CVS . . . or the termination of the Employee's employment." (Def.'s Mot. Compel Arbitration, Ex. 1, Doc. 6-2, at 9.) "Covered Claims" explicitly include disputes based on termination, the ADA, and the ADEA. (See id.) Plaintiff's suit is based on allegations that she was wrongfully terminated under the aforementioned Acts. These claims fall within the language of the Arbitration Agreement, and the Court is satisfied that the Agreement encompasses the current suit.

The Court also finds that the parties entered into a valid contract. State law governs this analysis. See Bazemore v. Jefferson Capital Sys., LLC, 827 F.3d 1325, 1330 (11th Cir. 2016); Caley, 428 F.3d at 1368. "In Georgia, '[a] definite offer and complete acceptance, for consideration, create a binding contract.'" Royal v. CEC Entm't, Inc., No. 4:18-cv-302, 2019 WL 2252151, at *4 (S.D. Ga. May 24, 2019) (quoting Citizens Tr. Bank v. White, 618 S.E.2d 9, 11 (Ga. Ct. App. 2005)) (citing O.C.G.A. § 13-3-1). CVS offered the Arbitration Agreement to Plaintiff with an opportunity to refuse it, Plaintiff accepted the Agreement by continuing to work for CVS and by declining to opt out of the Agreement, and the Agreement is supported by consideration in the forms of a mutual promise to arbitrate and Plaintiff's continued employment. (See generally Def.'s Mot. Compel Arbitration, Ex. 1 (explaining and exhibiting the process by which CVS employees are presented with the Arbitration Agreement and that Plaintiff completed the process and agreed to it).)

Finally, having found that the claims should be arbitrated, the Court must decide whether to stay or dismiss the case. Because all of Plaintiff's claims are subject to arbitration, the Court exercises its discretion to dismiss the case without prejudice. See Caley v. Gulfstream Aerospace Corp., 333 F. Supp. 2d 1367, 1379 (N.D. Ga. 2004), aff'd 428 F.3d 1359 (11th Cir. 2005); Anderson v. AIG Life & Ret., 199 F. Supp. 3d 1371, 1380-81 (S.D.

Ga. 2016) (citing Perera v. H & R Block E. Enters., Inc., 914 F. Supp. 2d 1284, 1290 (S.D. Fla. 2012)).

### III. Conclusion

Upon the foregoing, the Court finds that the parties are bound by the terms of the Arbitration Agreement in this case. Accordingly, Defendant's Motion to Compel Arbitration (doc. 6) is **GRANTED**. Plaintiff's claims shall be submitted to arbitration, and the case is **DISMISSED WITHOUT PREJUDICE**. The Clerk shall terminate all deadlines and motions.

**ORDER ENTERED** at Augusta, Georgia this 4th day of November, 2019.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA